**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

DIESEL M. BARNES,                         :
                                          :  Civil Action No. 07-1776 (JAG)
      Plaintiff,                 :
                                          :
      v.                         :  **OPINION**
                                          :
PLAINSBORO TWP. POLICE                    :
DEPARTMENT, et al.,                       :
                                          :
      Defendants.                :


**APPEARANCES:**

    Diesel M. Barnes, Plaintiff pro se
    # 115116
    Middlesex County Adult Correctional Center
    P.O. Box 266
    New Brunswick, New Jersey 08903

**GREENAWAY, JR.**, District Judge

    Plaintiff, Diesel M. Barnes, a state pre-trial detainee currently confined at the Middlesex County Adult Correctional Center in New Brunswick, New Jersey, seeks to bring this action in forma pauperis, pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights. Based on his affidavit of indigence and the current absence of three qualifying dismissals within 28 U.S.C. § 1915(g), this Court will grant Plaintiff's application to proceed in forma pauperis, pursuant to

28 U.S.C. § 1915(a) (1998), and order the Clerk of the Court to file the Complaint.[1]

At this time, this Court must review the Complaint, pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A, to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief can be granted, or because it seeks monetary relief from a defendant who is immune from such relief. For the reasons set forth below, this Court concludes that the Complaint should be dismissed, without prejudice.

## I.   BACKGROUND

Plaintiff names the Plainsboro Police Department and Corporal E. Tavener defendants. He states:

> The plaintiff was arrested on March 2nd of 2007 for robbery. The Plainsboro Township Police Department issued an arrest warrant without the signature or title of a Judicial Officer. The warrant named Corporal E. Tavener of the Plainsboro Township Police Department as the Complainant. No judicial officer examined the complaint and found probable cause for issuance of the warrant. To wit, the arrest warrant was obviously deficient under the scope of the New Jersey Rules of Court, Rule 3:2-3(a). Therefore, the plaintiff was obviously denied his right to life and liberty, and illegally arrested, violating his Constitutional rights. [Plaintiff] seeks compensation for his illegal incarceration, defamation of character, pain and

---

[1] Plaintiff's Complaint was submitted on April 13, 2007. On May 30, 2007, this Court administratively terminated the case and denied Plaintiff's in forma pauperis application, because the application was incomplete. On June 18, 2007, Plaintiff submitted a complete in forma pauperis application. Thus, his case will be reopened and this Court will grant his application.

    suffering, punitive damages and recuperation of legal expenses.

(Complaint, § 8, Statement of Claims).

## II. STANDARDS FOR A SUA SPONTE DISMISSAL

The Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996), requires a district court to review a complaint in a civil action in which a prisoner is proceeding in forma pauperis or seeks redress against a governmental employee or entity. This Court is required to identify cognizable claims and to sua sponte dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A.

In determining the sufficiency of a pro se complaint, this Court must be mindful to construe it liberally in favor of the plaintiff. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972); United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992). This Court must "accept as true all of the allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff." Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997). This Court need not, however, credit a pro se plaintiff's "bald assertions" or "legal conclusions." Id.

A <u>pro se</u> complaint may be dismissed for failure to state a claim only if it appears "'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" <u>Haines</u>, 404 U.S. at 521 (quoting <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957)); <u>Milhouse v. Carlson</u>, 652 F.2d 371, 373 (3d Cir. 1981). However, where a complaint can be remedied by an amendment, a district court may not dismiss the complaint with prejudice, but must permit the amendment. <u>See Denton v. Hernandez</u>, 504 U.S. 25, 34 (1992); <u>Alston v. Parker</u>, 363 F.3d 229 (3d Cir. 2004); <u>Grayson v. Mayview State Hospital</u>, 293 F.3d 103, 108 (3d Cir. 2002) (dismissal pursuant to 28 U.S.C. § 1915(e)(2)).

### III.  SECTION 1983 ACTIONS

Plaintiff brings this action, pursuant to 42 U.S.C. § 1983, alleging violations of his rights guaranteed under the United States Constitution. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ... .

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the

alleged deprivation was committed or caused by a person acting under color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255-56 (3d Cir. 1994).

## IV.    ANALYSIS

A.    False Arrest Claim

It appears from the Complaint that Plaintiff is alleging a claim of false arrest, in violation of the Fourth Amendment.

It is well-established in the Third Circuit that an arrest without probable cause is a constitutional violation actionable under § 1983. See Walmsley v. Philadelphia, 872 F.2d 546 (3d Cir. 1989)(citing cases); see also Albright v. Oliver, 510 U.S. 266, 274 (1994)(a section 1983 claim for false arrest may be based upon an individual's Fourth Amendment right to be free from unreasonable seizures).

To state a claim for false arrest, a plaintiff must allege two elements: (1) that there was an arrest; and (2) that the arrest was made without probable cause. See Dowling v. City of Philadelphia, 855 F.2d 136, 141 (3d Cir. 1988). Thus, a defense to an unlawful arrest claim is that the police officer defendants acted with probable cause. See Sharrar v. Felsing, 128 F.3d 810, 817-18 (3d Cir. 1997)(a key element of a § 1983 unlawful arrest claim is that the police officer arrested the plaintiff without probable cause); Groman v. Twp. of Manalapan, 47 F.3d 628, 636

(3d Cir. 1995) ("an arrest based on probable cause could not become the source of a [§ 1983] claim for false imprisonment").

To establish the absence of probable cause, a plaintiff must show "that at the time when the defendant put the proceedings in motion the circumstances were such as not to warrant an ordinary prudent individual in believing that an offense had been committed." Lind v. Schmid, 67 N.J. 255, 262 (1975).[2] "Probable cause . . . requires more than mere suspicion; however, it does not require that the officer have evidence to prove guilt beyond a reasonable doubt." Orsatti v. New Jersey State Police, 71 F.3d 480, 482-83 (3d Cir. 1995). Rather, probable cause exists when the facts and circumstances are "sufficient to warrant a prudent man in believing that the defendant had committed or was committing an offense." Gerstein v. Pugh, 420 U.S. 103, 111 (1975) (*quoting* Beck v. State of Ohio, 379 U.S. 89, 91 (1964)); Sharrar v. Felsing, 128 F.3d 810, 817 (3d Cir. 1997).

Here, Plaintiff admits that he was arrested by defendants pursuant to an arrest warrant issued on a robbery charge. He disputes the procedures used to issue the warrant under state

---

[2] The Supreme Court recently held that a cause of action for false arrest and the imprisonment incident to that arrest accrues as soon as the allegedly wrongful arrest occurs and that the limitations period begins to run when that false imprisonment comes to an end, that is, when the victim becomes held pursuant to legal process - "when, for example, he is bound over by a magistrate or arraigned on charges." Wallace v. Kato, 127 S. Ct. 1091, 1095 (2007).

law.  It is also apparent from the Complaint that Plaintiff is involved in ongoing state criminal proceedings.[3]

To the extent that Plaintiff is asserting that the factual basis for the arrest warrant is untrue or the arrest warrant violates state law or his federal rights under the Fourth Amendment, he must first raise these claims in his ongoing state criminal proceedings.  A federal court will not now intercede to consider issues that Plaintiff has an opportunity to raise before the state court.  See Younger v. Harris, 401 U.S. 37 (1971).  It is not generally the role of the federal courts to interfere in pending state criminal cases.  The United States Court of Appeals for the Third Circuit has enunciated three requirements that must be met before Younger abstention may be invoked:

> (1) there are ongoing state proceedings that are judicial in nature;  (2) the state proceedings implicate important state interests;  and (3) the state proceedings afford an adequate opportunity to raise federal claims.  Whenever all three of these requirements are satisfied, abstention is appropriate absent a showing of bad faith prosecution, harassment, or a patently unconstitutional rule that will cause irreparable injury to the plaintiff.

Port Auth. Police Benevolent Ass'n v. Port Auth. of New York and New Jersey Police Dept., 973 F.2d 169, 173 (3d Cir. 1992) (citing Schall v. Joyce, 885 F.2d 101, 106 (3d Cir. 1989)).

---

[3]  Plaintiff notes in attachments to the Complaint that as of March 16, 2007, he had not yet been indicted, and was not yet represented by a Public Defender.

In this case, it is clear that state proceedings implicating important state interests are ongoing, and that Plaintiff has an opportunity to raise his claims in a hearing during that proceeding. Therefore, because Plaintiff has not been convicted at this point, this Court is constrained by Younger to dismiss the Complaint in its entirety, without prejudice, as against the defendants for failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).[4]

## V.  CONCLUSION

For the reasons set forth above, the Complaint must be dismissed in its entirety, without prejudice, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1). An appropriate order follows.

    S/Joseph A. Greenaway, Jr.
JOSEPH A. GREENAWAY, JR., U.S.D.J.

Dated:  July 5, 2007

---

[4] Plaintiff asks that this Court issue him "an injunction ordering [the state court] to cease and desist all further criminal proceedings against plaintiff." (Complt., § 9, Relief). To the extent that Plaintiff asks for release from imprisonment, his request is not cognizable under § 1983, but rather, should be raised in his state court proceedings, and then, after he has exhausted his state court remedies, by way of a habeas proceeding, pursuant to 28 U.S.C. § 2254, if he so chooses. See Preiser v. Rodriguez, 411 U.S. 475 (1973).