**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

DIESEL M. BARNES,                       :
                                        :   Civil Action No. 07-1776 (JAG)
            Plaintiff,                  :
                                        :
        v.                              :   **OPINION**
                                        :
PLAINSBORO TWP. POLICE                  :
DEPARTMENT, et al.,                     :
                                        :
            Defendants.                 :


**APPEARANCES:**

   Diesel M. Barnes, Plaintiff pro se
   # 115116
   Middlesex County Adult Correctional Center
   P.O. Box 266
   New Brunswick, New Jersey 08903

**GREENAWAY, JR.**, District Judge

   This matter is before this Court on Plaintiff's letter request to reopen his civil case.  This Court construes Plaintiff's request as a motion, pursuant to FED. R. CIV. P. 59(e), to reconsider this Court's Order of July 6, 2007, dismissing his civil rights complaint for failure to state a claim upon which relief may be granted.  Having considered the instant motion, pursuant to FED. R. CIV. P. 78, this Court will deny Plaintiff's motion.

**BACKGROUND**

In his original complaint, Plaintiff alleged that he had been falsely arrested. On July 6, 2007, this Court dismissed Plaintiff's complaint, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). This Court, citing Younger v. Harris, 401 U.S. 37 (1971), held that Plaintiff cannot sustain a § 1983 action, but rather must raise his claims in his ongoing state court criminal proceeding.

In the instant "motion," dated August 17, 2007, Plaintiff states that he "would like to have the court re-open [his] case [be]cause [he] feel[s] that the court was unfair in their decision." Plaintiff argues that his case has merit and should be investigated further, and contends that the court is "trying to sweep this case under the carpet."

**DISCUSSION**

A. Timeliness

Pursuant to FED. R. CIV. P. 59(e) and Local Civil Rule 7.1(i), a plaintiff may move for reconsideration within ten days of the entry of judgment. In the instant case, this Court's Order dismissing Plaintiff's complaint was filed and entered by the Clerk of the Court on July 6, 2007. The instant letter, construed as a motion, is dated August 17, 2007. Accordingly, the motion is untimely. See Houston v. Lack, 487 U.S. 266 (1988); Smith v. Evans, 853 F.2d 155 (3d Cir. 1988); see also

Burns v. Morton, 134 F.3d 109, 113 (3d Cir. 1998); In re Flanagan, 999 F.2d 753, 759 (3d Cir. 1993).

B.  Merits

In addition to the untimeliness of the motion, Plaintiff's claims lack merit.  Generally, there are four basic grounds upon which a Rule 59(e) motion may be granted:  (1) to correct manifest errors of law or fact upon which the judgment was based; (2) to present newly-discovered or previously unavailable evidence; (3) to prevent manifest injustice; and (4) an intervening change in prevailing law.  See 11 Charles A. Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2810.1 (2d ed. 1995); see also Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985), cert. denied, 476 U.S. 1171 (1986)(purpose of motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence).

"To support reargument, a moving party must show that dispositive factual matters or controlling decisions of law were overlooked by the court in reaching its prior decision." Assisted Living Associates of Moorestown, L.L.C., v. Moorestown Tp, 996 F. Supp. 409, 442 (D.N.J. 1998).  However, mere disagreement with the district court's decision is inappropriate on a motion for reargument, and should be raised through the appellate process.  See id. (citing Bermingham v. Sony Corp. of

3

America, Inc., 820 F. Supp. 834, 859 n.8 (D.N.J. 1992), aff'd, 37 F.3d 1485 (3d Cir. 1994); G-69 v. Degnan, 748 F. Supp. 274, 275 (D.N.J. 1990)).  "The Court will only entertain such a motion where the overlooked matters, if considered by the Court, might reasonably have resulted in a different conclusion."  Assisted Living, 996 F. Supp. at 442.  Accordingly, a district court "has considerable discretion in deciding whether to reopen a case under Rule 59(e)."  Edward H. Bohlin, Co. v. Banning Co., Inc., 6 F.3d 350, 355 (5th Cir. 1993).

In this case, Plaintiff fails to present any new facts in support of his Motion for Reconsideration, nor does he point to any intervening change in the law governing those claims.  This Court has decided the issues presented.  Plaintiff's submission is essentially a "recapitulation of the cases and arguments considered by the court before rendering its original decision," which is insufficient to support a motion for reconsideration.  See Degnan, 748 F. Supp. at 275.  Plaintiff presents nothing in support of his motion to suggest that this Court has overlooked key evidence or has made a fundamental error in law.  Plaintiff's motion for reconsideration is denied.

4

**CONCLUSION**

For the reasons set forth above, Plaintiff's motion, pursuant to FED. R. CIV. P. 59(e) to reconsider this Court's Order of July 6, 2007, is denied.  An appropriate Order accompanies this Opinion.

S/Joseph A. Greenaway, Jr.<br>JOSEPH A. GREENAWAY, JR., U.S.D.J.

Dated:   December 10, 2007